OF THE

# SUPREME COURT OF APPEALS

OF

# WEST VIRGINIA

## CHARLESTON

SUTHERLAND *v.* COUNTY COURT.

Submitted February 15, 1907.   Decided February 21, 1907.
(Opinion Filed April 17, 1907.)

1. TAXATION—*Levy—Statement of Purpose.*

An order of a county court, laying a levy of twenty cents on each one hundred dollars valuation of real and personal property in the county for county purposes, for the current fiscal year, which will raise approximately $42,550.00, and setting forth an estimate by separate items, showing the several specific purposes for which $25,100.00 of the money proposed to be raised is to be used, and an item, "For New Court House," the amount for which is not set down in the estimate, substantially complies with section 29 of chapter 39, Code of 1899, section 1231, Code of 1906, requiring the county court to put upon its record an estimate of the amount necessary to be levied for the current fiscal year to cover all county debts and liabilities, payable during the year, including the probable expenditure for county purposes, the amount outstanding of unpaid orders and a proper allowance for delinquent taxes, expenses of collection and contingencies, but deducting the money in the county treasury applicable to the service of the year, and county claims, the collection of which, during the year, may, in their opinion, be relied upon, and set forth in such estimate the several heads of expenditure with the amount estimated as necessary under each head, and thereupon levy so many cents on every hundred dollars valuation of property as will cover the estimated amount. (p. 2.)

2. SAME.

Failure to show, in the estimate, a deduction of money in the county treasury, applicable to the service of the year, and county claims, the collection of which, during the year, may be relied upon, does not establish a violation of the statute, it not being made to appear that there was any money in the treasury so applicable, or any claims which would probably be collected. (3.)

3. APPEAL—*Review—Amendment of Pleading.*

A motion in this Court, on appeal, for leave to amend a bill for an injunction, unsustained by anything in the record, showing facts which, if incorporated in the bill would sustain the injunction, will be refused. (p. 4.)

Appeal from Circuit Court, Randolph County.

Action by Howard Sutherland against the county court of Randolph county and others for an injunction. From a decree perpetuating the injunction, defendant county court appeals.

*Reversed. Injunction Dissolved. Bill Dismissed.*

DAILEY & BOWERS and C. W. HARDING, for appellant.

JARED L. WAMSLEY, for appellee.

POFFENBARGER, JUDGE:

This Court, on a former day of its present term, reversed a decree of the circuit court of Randolph county, pronounced on the 23rd day of November, 1906, by which an injunction pending in said circuit court had been perpetuated, dissolved said injunction and dismissed the bill.

Owing to the public importance of the case, and the necessity for speedy action therein, this Court rendered its decision without waiting for the preparation of an opinion setting forth the reasons therefor, and has deferred the same until this time.

The injunction restrained and enjoined the collection of taxes levied by the county court of said county, for county purposes, for the fiscal year 1906, on the ground, not that the rate of taxation or the amount of taxes to be raised was in excess of the limit prescribed by law, but on the ground that the amount of taxes proposed to be raised by the levy exceeded the aggregate amount set forth in the estimate, made by the county court, of the sums which would probably be required to defray the expenses of the county for the then current fiscal year.

The statute, section 1231, Code of 1906, section 29 chapter 39, Code of 1899, provides as follows:   "The county court shall, at a regular session of said court, held not later than the month of July in each year, proceed to make up an estimate of the amount necessary to be levied for the current fiscal year to cover all county debts and liabilities payable during each year, including the probable expenditure for county purposes, the amount outstanding of unpaid orders on the county treasurer, and a proper allowance for delinquent taxes, discount allowed on taxes paid on or before the thirtieth day of November, expense of collection and contingencies; but deducting the money in the county treasury applicable to the service of the year, and county claims, the collection of which during the year may, in their opinion, be relied on; which estimate shall set forth the several heads of expenditure with the amount estimated as necessary under each head, and when approved by the court shall with the order approving it be entered by the clerk in the proper record book.   The said county court shall thereupon levy so many cents on every hundred dollars of the valuation of the property taxable in the county, according to the last assessment thereof, as will cover the estimated amount necessary to be raised for county purposes during the fiscal year."

The order made by the county court setting forth the estimate, reads as follows:

"The following estimate of expenses for county purposes for the year ending May 31st, 1907, for which to be levied was prepared by the Court:

| | |
|---|---:|
| For claims allowed at this term, | 7800.00 |
| For Members County Court, | 200.00 |
| For Jurors, | 2500.00 |
| For Roads and Bridges, | 2500.00 |
| For Poor House, | 1000.00 |
| For Medicine and Medical Attention to the Poor, | 800.00 |
| Printing and Stationery, | 1000.00 |
| For Incidental Expenses, | 1000.00 |
| For Criminal Charges, | 3500.00 |
| For New Court House, | |
| For Sheriff's Commissions, | 3000.00 |
| For Delinquent List, | 1800.00 |

It is ordered that there be levied 20 cents on each $100.00 valuation of the real and personal property in this county for county purposes for the year ending May 31st, 1907 and the clerk of this court and the assessors of this county are directed to enter the same upon their respective land and personal property books, which shall be a guide to the sheriff of this county for collection of the same.''

On the appeal, the jurisdiction of the circuit court to entertain the bill and to enjoin or supersede a levy on the grounds set forth in it was questioned; and there was much discussion in the briefs as to whether the statute, requiring the estimate to be made and purporting to limit the levy to the amount thereof, is mandatory or merely directory. As neither of these questions was essential to the jurisdiction of this Court to review the decree appealed from, the want of jurisdiction, if any, in the circuit court, affording grounds of jurisdiction in this Court to reverse its action, and the other question being immaterial, in view of our conclusion that the estimate is sufficient, we did not delay the decision for the determination of either of them.

The levy will produce about $42,550.00. The items set forth in the estimate amount, in the aggregate, to $25,100.00. It will be observed that an intention to levy something ''For New Court House'' is evinced by the insertion of this phrase in the estimate, but the amount intended to be raised for that purpose was not set down. Sometime after this order was made, the county court made an order appropriating $10,000.-00 on account of the expense of the new court house, which it proposed to build or which was then in process of construction. Whether this might be regarded as an amendment to the order making the estimate, we deem it unnecessary to inquire. Presumptively, the entire amount of money levied for all purposes, less the amount specified for all the several purposes, other than that of the new court house, was intended for that purpose. The difference between the aggregate of the sums specified for other purposes, $25,100.00, and the whole amount intended to be raised, $42,550.00, was evidently intended for use in the construction of the court house, the item for which the amount intended to be raised, was not inserted in the estimate. This conclusion is based upon the intention clearly shown by the order to make pro-

vision for the expense of the new structure. If nothing had been said about such expense in the order, there would, of course, be no presumption as to what the excess over and above the amount required for ordinary purposes was intended to be raised for, but the order of the court provides for raising $42,550.00, of which sum $25,100.00 is stated to be for certain specified purposes, and the residue "For New Court House," which amount turns out to be $17,450.00. The whole amount levied for fixes the total estimate. What amount will be necessary for the erection and completion of the court house is not disclosed. A copy of an order, made by the county court on the 27th day of August, 1906, approves a contract between that body and John P. Conn, for the completion of the court house, but does not show what amount of money will be required for that purpose. The contract itself is not exhibited. That order sets apart out of the levy of 1906 the sum of $10,000.00, to be paid upon the contract, when work amounting to that sum has been completed and approved by the architect or by the court. Whether this is intended to cover labor only or both labor and materials is not disclosed by the order or any other paper filed in the case. We are not able, therefore, to see that the levy exceeds the estimate, or that the evidence of intention, on which we base our conclusion, is in any way contradicted or overthrown. Complaint is made on account of the omission to deduct, from the estimate, the amount remaining in the treasury undisposed of, but the record fails to disclose that there was anything in the treasury, available for the expenses of the current year. The bill in the case of *Wees* v. *County Court*, the object of which was to enjoin the payment of certain orders issued by the defendant therein, because issued in excess of the levies, was filed in the case by leave of the court, though not referred to in the plaintiff's bill, It does not seem to sustain any allegation of the plaintiff's bill, if it could properly be considered as evidence, nor does it and the other papers filed in the same way disclose any ground upon which the bill could be made good by an amendment, leave for which is asked in the brief. The allegations of the Wees bill, if they could be considered, would make it apparent that there was nothing in the hands of the sheriff from previous levies, for it charges that orders

amounting to many thousands of dollars had been issued by the county court in excess of the revenues provided. If it were conceded that the county court had disobeyed the law, by incurring indebtedness in excess of the levies, that of itself would afford no ground for enjoining a levy laid upon an estimate which substantially complies with the requirements of the law.

For the foregoing reasons the decision aforesaid was rendered.

*Reversed.    Injunction Dissolved.    Bill Dismissed.*